

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2004 JUL -1 P 1:56
LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, EX REL., LESLIE I. KLEMM<br>　　　PLAINTIFF/RELATOR | CIVIL ACTION<br><br>NO. 04-0673 |
| VERSUS | SECTION: I<br><br>MAGISTRATE: 2 |
| HOSPITAL SERVICE DISTRICT NO. 1 FOR THE PARISH OF JEFFERSON, d/b/a WEST JEFFERSON MEDICAL CENTER<br>　　　DEFENDANT | FILED IN CAMERA AND UNDER SEAL |

### RELATOR'S FIRST AMENDED COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Relator, Leslie I. Klemm, R.N., who brings this First Amended Complaint against the Defendant, Hospital Service District No. 1 for the Parish of Jefferson d/b/a West Jefferson Medical Center (hereinafter referred to as "West Jefferson Medical Center"), on behalf of the United States of America, its Departments and Agencies, including the Department of Health and Human Services, (hereinafter referred to as "DHHS"), as Plaintiff, and who avers upon information and belief as follows:

### REFERENCE TO ORIGINAL COMPLAINT

1.　　This First Amended Complaint adds new allegations of violations of the False Claims Act and the Louisiana Medical Programs Assistance Integrity Law, referenced in the original Complaint, as well as alleging new elements of damages to government payment programs, and all

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep____
___ Doc. No._____

allegations and contents of the original Complaint are incorporated by reference herein and reaverred as if pled herein.

## NICU LEVEL REQUIREMENTS AND REGULATIONS

2. The Louisiana Department of Health and Hospitals, which operates the Louisiana Medicaid Program, adjusted regulations effective as of March 1, 1995, in accordance with the Louisiana Hospital Licensing Law, La. Rev. Stat. § 40:2100-2115, which established the authority for the Department of Health and Hospitals to promulgate regulations and requirements for licensing and operation of a Neonatal Intensive Care Unit.

3. In 1995, the regulations defined a Neonatal Intensive Care Unit as a specialty unit pursuant to § 9319 of Title 48, Louisiana Administrative Code. Specialty Units such as a NICU are required to have professional and supportive personnel appropriate to the scope of services provided.

4. The Louisiana Department of Health and Hospitals defined Neonatal Intensive Care Units in the 1995 regulations pursuant to §§ 9475-9479 of Title 48, Chapter 93, Subchapter-T of the Louisiana Administrative Code.

5. Based on the level of services provided and the personnel on staff and available to the hospital for the NICU, a unit could be designated as either a Level I NICU unit, which represents a low level of acuity, a Level II NICU unit, which represents a slightly higher level of acuity, a Level III NICU unit, which represents the highest level of acuity offered for in-house patients, and finally, a Level III Regional NICU, which is a high acuity facility capable of receiving patients from other NICU units through the area.

6. Hospitals can apply for and certify to the Department of Health and Hospitals their staffing and services offered as either a Level I, Level II, Level III or Level III Regional NICU unit,

and be granted that status based on representations made by the hospital administration to the Louisiana Department of Health and Hospitals.

7.  Level III units, because of their increased level of staffing, services, and equipment as required by the regulations, as well as the increased level of services offered, are entitled to bill appropriate government payment programs such as Medicaid a higher per diem rate than a lower level NICU unit.

8.  At all material times hereto and beginning in the year 2000, Defendant, West Jefferson Medical Center, certified to the Medicaid Program through CMS and the Louisiana Department of Health and Hospitals that it met the requirements of a Level III NICU.

9.  The Louisiana Department of Health and Hospitals, Office of the Secretary, Bureau of Health Service Financing, amended Title 48, Part 1, Chapter 93 of the Louisiana Administrative Code in November 2003, under the Medical Assistance Program as authorized by the Louisiana Hospital Licensing Law, La. Rev. Stat. §§ 40:2100-2115, and Title XIX of the Social Security Act. In doing so, the regulations governing licensing and operation of Neonatal Intensive Care Units remained substantially the same as the 1995 regulations.

## VIOLATIONS OF THE LEVEL III NICU REGULATIONS BY WEST JEFFERSON MEDICAL CENTER

10.  Relator has personal knowledge that West Jefferson Medical Center did not provide the requisite level of staffing or service pursuant to either the regulations regarding a Level III NICU certification by the Louisiana Department of Health and Hospitals or guidelines published by the American Academy of Pediatrics and the American College of Obstetricians and Gynecologists.

11. Specifically, Relator has personal knowledge that subsequent to the resignation of Dr. Vincent "Butch" Adolph in July 2001, Defendant, West Jefferson Medical Center has failed to provide the required level of surgical service commensurate with a Level III NICU unit as defined by § 9477C (now § 9519) of the Louisiana Regulations, and that such violation has continued through the date of filing of this Complaint.

12. The medical staff requirement as defined in § 9477 (now § 9519) requires medical and surgical consultation to be readily available to provide comprehensive care of high risk in neonates. Specifically, § 9475 (now § 9517) of the regulations requires that a Level III NICU unit be capable of providing comprehensive care of high risk in neonates of all categories admitted and transferred. Because West Jefferson Medical Center does not have a pediatric surgeon on staff, it has been unable to provide the required level of service for a Level III NICU unit since July 2001 subsequent to the resignation of Dr. Adolph.

13. In addition, because West Jefferson Medical Center did not provide the requisite level of service for a Level III NICU unit, Louisiana regulations require all neonates who weigh less than 1,000 grams be transferred to an appropriate Level III facility.

14. Therefore, Defendants inability to provide the required Level III NICU services to neonates weighing less than 1,000 grams violated appropriate regulations, which were enacted to ensure that these high risk infants received the highest level of care available.

### ADDITIONAL VIOLATIONS OF THE PICU REGULATIONS BY DEFENDANT WEST JEFFERSON MEDICAL CENTER

15. In addition to those violations set forth in the original Complaint, Relator has specific knowledge that since February of 2000, Defendant, West Jefferson Medical Center, did not provide on staff a pediatric radiologist as required by § 9491E of Title 48, Louisiana Administrative Code

(now § 9535E of Title 48, Louisiana Administrative Code, and as per the Guidelines of the American Academy of Pediatrics for operation of a Level I PICU unit).

16.    Defendant was notified in writing by the Louisiana Department of Health and Hospitals in November of 1995 that if any changes to its PICU qualification occurred, that it was to immediately notify the Department, which Defendant failed to do.

## IMPROPER MEDICAID EXPENDITURES FOR TRANSPORT SERVICE

17.    As a staff nurse, clinician, and clinical nurse manager of the Pediatric Intensive Care Unit at West Jefferson Medical Center, Relator has specific and personal knowledge of the transport operations of Defendant, West Jefferson Medical Center, in retrieving patients to be admitted to Defendant's facility, as well as transport operations for sending patients from Defendant's facilities to other facilities.

18.    Louisiana Medicaid covers ambulance transportation service by air or ground without prior authorization, as long as the ambulance provider obtains certification from the receiving physician as to the need for the ambulance service.

19.    Medicaid eligible ambulance providers are paid a fee per service based on the services provided and relevant mileage.

20.    Relator has specific knowledge that patients were transferred both by air and ground to defendant, West Jefferson Medical Center, as a direct result of defendants' inappropriate certification as a Level I PICU unit, and because of inappropriate and misleading representations to the public and to the medical community that West Jefferson Medical Center was an appropriately credentialed and qualified Level I PICU unit.

21. To the extent these transportations were for Medicaid beneficiaries, they would represent a direct loss to government payment programs such as Medicaid because the beneficiary was transferred to a facility specifically in need of a Level I PICU unit.

22. In addition, Relator has specific knowledge that patients admitted to Defendant's inappropriately credentialed and qualified Level I PICU unit needed to be transferred to legitimately qualified and credentialed facilities because their conditions worsened or were such that the provision of medical services necessary for that patient exceeded the actual ability to provide care by Defendant, West Jefferson Medical Center.

23. Because Defendant, West Jefferson Medical Center, did not have the services and facilities that appropriately credentialed and qualified Level I PICU unit would have been able to provide, it caused the transportation of patients to appropriate facilities in the area.

24. For patients who were Medicaid beneficiaries, the expenses of ambulance transportation for these patients represented a direct loss to government payment programs such as Medicaid for the amounts of those expenses.

25. Because Level I PICU units are required to be integrated into the ambulance and EMS transport system, and because of Defendant's inappropriate certification as a Level I PICU unit, patients were brought to the emergency department at Defendant, West Jefferson Medical Center, when they should have been transported to an appropriately credentialed and qualified Level I PICU unit.

26. As a result of Defendant's actions, and in addition to the risk to patient safety and well being, Relator has specific knowledge that patients were transferred from Defendant's emergency department to appropriately qualified and credentialed Level I PICU units in the surrounding area

whose need for medical care exceeded the actual capabilities of Defendant, West Jefferson Medical Center.

27.   Relator specifically alleges that had Defendant, West Jefferson Medical Center, been able to provide those services as required by a Level I PICU unit, these patients would not have needed to be transferred to legitimately credentialed and qualified Level I PICU units.

28.   For those Medicaid beneficiaries transferred from Defendant's emergency department directly to appropriately credentialed and qualified Level I PICU units, such transportation expense would represent a direct loss to government payment programs such as Medicaid.

## ADDITIONAL VIOLATIONS OF THE FALSE CLAIMS ACT

29.   Relator hereby specifically alleges that the actions of Defendant, West Jefferson Medical Center, as listed above in this First Amended Complaint as well as in the original Complaint, violate the False Claims Act in the following particulars. That since July of 2001, Defendant, West Jefferson Medical Center, has continued to certify to the Medicaid program and to the Louisiana Department of Health and Hospitals that it met the requirements for a Level III NICU and requested reimbursement based on a Level III NICU status when it could not meet the requirements for such a billing level.

30.   Relator hereby alleges that these false statements were made to the Medicaid program through the Louisiana Department of Health and Hospitals for the purpose of obtaining benefits to which the Defendant, West Jefferson Medical Center, was not entitled, and that Defendant, West Jefferson Medical Center, falsely certified and stated that it was compliant with the requirements of a Level III NICU unit.

31. That Defendant, West Jefferson Medical Center, specifically billed government payment programs, such as Medicaid, for Level III NICU services, even though it did not comply with the requirements for those services on either a staffing basis or facility requirement basis.

32. That as a direct result of these submissions of false claims, statements, and certifications to government payment programs such as Medicaid, the United States Government and the State of Louisiana have expended funds unnecessarily, all of which violates the False Claims Act, 31 U.S.C. §§ 3729-33.

33. That Relator specifically alleges that the submission of these false bills based on false statements, claims, and certifications, should be denied in their entirety, as they represent a damage to the Government for the entire per diem amount received by Defendant, West Jefferson Medical Center, for its NICU unit.

34. That Defendant, West Jefferson Medical Center, has caused the payment of sums by government payment programs, including but not limited to Medicaid, for the provision of transportation services that would neither have been necessary nor incurred but for the false statements, claims, and certifications to the Louisiana Department of Health and Hospitals, the public in general, and the medical community that Defendant, West Jefferson Medical Center, was an appropriately credentialed and qualified Level III NICU and Level I PICU unit.

### ADDITIONAL VIOLATIONS OF THE LOUISIANA MEDICAL PROGRAMS ASSISTANCE LAW

35. Relator specifically alleges that in addition to those violations of the Federal False Claims Act set forth in the original and this Amended Complaint, as well as the actions of Defendant, West Jefferson Medical Center, as listed above, being violative of the Louisiana Medical Assistance Programs Integrity law, R.S. 46:437.1 *et seq.*, as set forth in the original Complaint and,

to the extent not duplicative, Defendant should be held liable under these provisions for the false claims, statements, and certifications made as to the Level III NICU and Level I PICU status of the Defendant, West Jefferson Medical Center, through and including the present date.

## CONCLUSION

In conclusion, Relator specifically realleges and reavers all allegations contained in the original Complaint as it pled herein, and Relator prays that after due proceedings be had, that there be judgment rendered in favor of Plaintiff, the United States of America, and the Relator herein, against Defendant, West Jefferson Medical Center, for all relief sought in the original Complaint, as well as for all violations alleged in this First Amended Complaint, together with all other general, equitable, and legal relief as this Court deems just and proper.

Respectfully submitted,

**VEZINA AND GATTUSO, L.L.C.**
401 Weyer Street, P. O. Box 461
Gretna, Louisiana 70054
Phone (504) 368-5223
Facsimile (504) 361-3624

_____
J. MARC VEZINA, T.A., LBA No. 24683

**LOGAN AND SOILEAU, L.L.C.**
Isaac H. Soileau, Jr., LBA No. 21384
1010 Common Street, Suite 2910
New Orleans, Louisiana 70112
(504) 522-5900

**THE SAKLA LAW FIRM**

_____
Sherif K. Sakla, LBA No. 24871
425 Weyer Street
Gretna, Louisiana 70053
(504) 363-7785

Attorneys for Relator Leslie I. Klemm